## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOYCE TAYLOR AND HER HUSBAND,
LANKFORD TAYLOR, ADAM TAYLOR,
CHADWICK TAYLOR and GRANT TAYLOR,

        Plaintiffs,

vs.                          Civil Action No.:

CONEXIS, a Word & Brown Company,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JOYCE TAYLOR and her husband, LANKFORD

TAYLOR, and adult children, ADAM TAYLOR, CHADWICK TAYLOR

AND GRANT TAYLOR, hereby sue Defendant, CONEXIS, and state as

follows:

1.      Plaintiff, JOYCE TAYLOR, was an employee of

CONSTRUCT CORPS, LLC, for a period of time ending on or about July

31, 2008.  During the period of her employ, all Plaintiffs were insured for

health insurance purposes through the Defendants as employee, spouse and

minor or dependent children of Joyce Taylor.

2.    Plaintiff, LANKFORD TAYLOR, is the spouse of JOYCE TAYLOR and was insured under her employment health insurance policy.

3.    Plaintiffs, ADAM TAYLOR, CHADWICK TAYLOR and GRANT TAYLOR, are children of Plaintiffs JOYCE TAYLOR and LANKFORD TAYLOR, and were insured under JOYCE TAYLOR's employment health insurance policy at all times relevant to this action.  Said plaintiffs were formerly minor, dependent children of JOYCE TAYLOR.

4.    CONSTRUCT CORPS, LLC, a Florida corporation that operates and conducts business in Hillsborough County, Florida, contracted with CompLink, LP, a Texas entity, on or about October 1, 2003, to handle its COBRA administration.  The contract had an effective date of November 1, 2003.

5.    CompLink, LP was acquired in late 2003 by Defendant, CONEXIS, a private company which is a subsidiary of Word & Brown Companies.  As such, CONEXIS is a company with headquarters in Nevada and Texas.  Defendant CONEXIS does business in the State of Florida and is therefore subject to the jurisdiction of this Court.

6.      This Court has original jurisdiction over Plaintiffs' claims arising out of Consolidated Omnibus Budget Reconciliation Act (COBRA) pursuant to Pub.L. No. 99-272, 100 Stat. 82 (1986), under Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1131 et al.

7.      Venue is appropriate in the United States District Court for the Middle District of Florida, as a substantial part of the events giving rise to the Plaintiffs' claims occurred in Hillsborough County, Florida.

8.      Plaintiff Joyce Taylor was a participant as defined in ERISA, 29 U.S.C. §1132(e)(1).  The remaining Plaintiffs were beneficiaries as that term is defined by ERISA.  All Plaintiffs were insured through the group health plan offered by Defendant.

9.      Joyce Taylor left the employ of Defendant on or about July 31, 2008.  Before doing so, Plaintiff Joyce Taylor was advised by a member of the human resources department of Defendant that she should not give a two-week notice and stay into early August, 2008, because Defendant would terminate her insurance the day she left and it would not extend through the end of that month.  Defendant immediately terminated her health insurance coverage for Joyce Taylor and her insured family members

although coverage should, at a minimum, have extended through July 31, 2008 as Joyce Taylor had paid her portion through the end of the month.

10.     Under the COBRA provisions of ERISA, CONSTRUCT CORPS, LLC was required to notify its plan administrator within thirty (30) days of the qualifying event and the administrator, in turn, was required to notify Plaintiffs within fourteen (14) days thereafter, informing Plaintiffs that continued health coverage under their current plan is an option and giving instructions on how to continue coverage.

11.     Defendant, as plan adminstrator, failed to give proper notice of the impending cancellation of Plaintiffs' insurance and their eligibility to elect continuing coverage in violation of the rights guaranteed by COBRA, as codified in 29 U.S.C. §1161 to 1168.

12.     Defendant breached its fiduciary duty by violating the standard of care set forth in ERISA, 29 U.S.C. §1104.

13.     Because Defendant failed to inform Plaintiffs of their right to continue health insurance coverage under COBRA, Plaintiffs have remained without coverage from August 1, 2008 through Joyce Taylor's new employment coverage in mid-2009.

14.    Defendant, as plan administrator, was responsible for sending the COBRA election notices to Plaintiffs.  CONSTRUCT CORPS, LLC, having delegated its administration to Defendant, is not responsible for the failure of Defendant to give the required election and other notices to Plaintiffs.  See e.g. <u>Vincent v, Wells Fargo Guard Services, Inc.</u>, 44 F.Supp. 2d 1302 (S.D. Fla. 1999).

15.    Plaintiffs have incurred medical costs and could not obtain access to medical care for apparent lack of medical insurance coverage.

16.    On or about August 12, 2008, Lankford Taylor suffered an accidental injury at the home of an acquaintance and required emergency room treatment.  Thereafter, Lankford Taylor was unable to obtain recommended and required medical care for his injury because of his lack of medical insurance.  As a result, his condition has worsened and his ability to access appropriate compensation from the homeowner's insurance company has been greatly compromised for lack of follow-up medical care.  Other Plaintiffs have incurred significant medical expenses, and/or have been forced to forego recommended medical treatment because of the lack of COBRA coverage.

17.     As a direct and proximate result of Defendant's failure to comply with COBRA, Plaintiffs have incurred out of pocket medical expenses, suffered a lack of access to medical care, emotional distress and a worsening of medical conditions.

18.     ERISA, by and through 29 U.S.C. §1132, provides a private right of action to recover benefits or enforce rights thereunder.

19.     Defendant failed to advise Plaintiffs of their statutory rights to COBRA and did so in bad faith.

20.     Plaintiffs have retained the services of the undersigned and are obligated to pay to her a reasonable fee and costs for her counsel in this action.  Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to recover a reasonable attorney's fee and costs.

21.     Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs respectfully request this Court to issue a judgment awarding statutory damages, together with damages for the unpaid past medical expenses, damages for the worsening of Lankford Taylor's medical condition and the resulting losses, liquidated damages, reasonable attorney's fees and costs and all further relief which this Court deems just

and appropriate to substantiate justice and enforce public policy.

**DATED** this 22nd day of July, 2011.

/s/ Elizabeth L. Hapner
Elizabeth L. Hapner, Esquire
FBN 322849
304 South Plant Avenue
Tampa, Florida 33606
(813) 250-0357
Facsimile: (813) 426-3956
Elhapner@hapner-law.com
Trial Counsel for Plaintiffs