UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE TAYLOR, et al.,

      Plaintiffs,

v.                        CASE NO.  8:11-CV-1635-T-17TBM

CONEXIS, etc.,

      Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 11   Motion to Dismiss
Dkt. 14   Response


This case is a complaint to enforce ERISA rights, pursuant to 29 U.S.C. Sec. 1132.  In the Complaint, Plaintiffs allege that Defendant Conexis failed to advise Plaintiffs of their statutory rights under COBRA, and did so in bad faith.  Plaintiffs seek entry of a judgment awarding statutory damages, damages for unpaid past medical expenses, damages for worsening of Plaintiff Lankford Taylor's medical condition and resulting losses, liquidated damages, and attorney's fees and costs.

In the Complaint Plaintiffs allege that Plaintiff Joyce Taylor was an employee of Construct Corps, LLC until 7/31/2008, and that all Plaintiffs were insured through Defendants as employee, spouse, and minor or dependent children of Joyce Taylor. (Dkt. 1, pp. 1-2).

Case No. 8:11-CV-1635-T-17TBM

Plaintiffs further allege that Construct Corps, LLC contracted with Complink, LP on 10/1/2003 to handle its COBRA administration, and Complink, LP was acquired in 2003 by Defendant Conexis.  Plaintiffs further allege that Defendant failed to give proper notice of the impending cancellation of Plaintiffs' insurance and their eligibility to elect continuing coverage, in violation of 29 U.S.C. Secs. 1161-1168, that Defendant breached its fiduciary duty by violating the standard of care in 29 U.S.C. Sec. 1104, and because of Defendant's failure to give proper notice, Plaintiffs remained without health insurance coverage from 8/1/2008 through mid-2009.

I. Standard of Review

A.  Motion to Dismiss

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded

Case No. 8:11-CV-1635-T-17TBM

factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937,

1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).


B.   Attachments to Complaint or Motion to Dismiss


In determining a motion to dismiss, the Court limits its consideration to well-

pleaded factual allegations, documents central to or referenced in the complaint, and

matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th

Cir. 2004).  The Court may consider documents which are central to plaintiff's claim

whose authenticity is not challenged, whether the document is physically attached to the

complaint or not, without converting the motion into one for summary judgment.

Speaker v. U.S. Dept of , 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v.

Bank of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d

1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340

n. 3 (11th Cir. 2005).  Where the allegations of the complaint are contradicted by

exhibits, the plain meaning of the exhibits controls.  Griffin Industries, Inc. v. Irvin, 496

F.3d 1189 (11th Cir. 2007).  Exhibits to the complaint are part of the pleadings for all

purposes.  Solis-Ramirez v. U.S. Dept. of Justice, 756 F.25d 1426, 1430 (11th Cir.

1985).


III.  Defendant's Motion to Dismiss


Defendant argues that: 1) ERISA preempts any state law claims in the

Complaint; 2)  Plaintiffs have not alleged sufficient facts as to how the notice to Plaintiffs

was deficient; 3) Plaintiffs have not alleged sufficient facts to establish that Defendant

meets the statutory definition of "administrator"; and 4) Plaintiffs have not alleged

sufficient facts to establish that Plaintiff is a fiduciary to the ERISA plan.

Case No. 8:11-CV-1635-T-17TBM

IV.  Plaintiffs' Response

Plaintiffs do not dispute that ERISA controls the issues of this case.  As to how
the notice to Plaintiffs was deficient, Plaintiffs argue that Paragraphs 13 and 14 clearly
show that Plaintiffs are alleging that Plaintiffs were not informed of their right to continue
insurance coverage under COBRA, that Defendant did not give notice to Plaintiffs, and
therefore Plaintiffs did not receive the required election notice.    As to whether Plaintiffs
have alleged sufficient facts to establish that Defendant meets the statutory definition of
administrator, Plaintiffs argue that the Service Agreement shows that performed
COBRA administrative services, thus making it the "plan administrator."   Plaintiffs
further argue that the indemnification clause shows that Defendant undertook the
obligations of "plan administrator."  As to whether Plaintiffs allege sufficient facts to
establish that Defendant is a fiduciary to the ERISA plan, Plaintiffs argue that ERISA
imposes specific obligations on the administrator, and the specific obligation to provide
plan participants with information regarding their benefits under 29 U.S.C. Sec. 1025(a),
which is an obligation specifically undertaken by Defendant under the Service
Agreement.

Plaintiffs argue the Motion to Dismiss should be denied, or Plaintiffs should be
granted leave to amend the Complaint.

V.  Discussion

A. ERISA Preemption

The parties agree that ERISA controls the disposition of the issues in this case.
ERISA preempts any state law claims asserted by Plaintiffs.

4

Case No. 8:11-CV-1635-T-17TBM

After consideration, the Court **grants** the Motion to Dismiss as to this issue, with leave to file an amended complaint which clearly and succinctly identifies what claims Plaintiffs are pursuing, and which identifies the statutory basis for each claim.

B.  Deficiency of Notice

Plaintiffs are seeking the award of statutory damages because Defendant did not send the required notice.  Defendant contends that a sufficient notice was provided to Plaintiffs.  Defendant Conexis has attached the COBRA notice Defendant sent to Plaintiffs on 7/22/2008 to its Motion to Dismiss.  The Notice accurately states the date of "Coverage Loss" as 7/31/2008, and the "Coverage Start Date" as 8/1/2008.  The "Election Deadline" was 10/2/2008.  Plaintiffs deny receiving the notice.

This issue cannot be resolved at this stage.  After consideration, the Court **denies** the Motion to Dismiss as to this issue.

C.  Plan Administrator

The definition of ERISA "administrator" is stated in 29 U.S.C. Sec. 1002(16)(A). The Court notes that the plan documents are not within the record; therefore it is unclear who is designated to be the plan's administrator; if the plan documents do not designate an administrator, then the "plan sponsor" –the employer–is the plan administrator.  See 29 U.S.C. Sec. 1002(16)(A).

Defendant argues that the Service Agreement with Construct Corps demonstrates the limited ministerial duties that Defendant Conexis performed; the Service Agreement is attached to Defendant's Motion to Dismiss.  The Service Agreement states that:

Case No. 8:11-CV-1635-T-17TBM

> [I]n performing its duties and responsibilities pursuant to this Agreement,
> [Conexis] is acting only as an agent of the Client and is not an
> administrator or fiduciary.  In performing its duties under this Agreement,
> [Conexis] acts at the direction of the Client.

(Dkt. 11-1,, Article IX(D).  Exhibit B to the Service Agreement indicates that Defendant
was to provide COBRA Administration and HIPAA Initial Rights Notices (New Plan
Participant Notices, Qualifying Event Notices and HIPAA New Hire Notices) at the
designated rate, per employee, per month.  Defendant Conexis argues that Defendant
does not sponsor or insure the group health insurance plan at issue, but is merely a
non-fiduciary service provider that sent COBRA continuation election notices on behalf
of Plaintiff Joyce Taylor's employer, Construct Corps.


This case is somewhat different from the factual scenario in Vincent v. Wells
Fargo Guard Services, Inc., 44 F.Supp.2d 1302 (S.D. Fla. 1999)(employer was not plan
administrator and could not be liable under 29 U.S.C. Sec. 1132(c) ), in which the
employer did not notify the plan administrator of the Vincent's termination, so that Wells
Fargo's plan administrator, Strategic Resource Corp., did not send a COBRA notice to
Vincent.   In Vincent, the Court granted Defendant's Motion for Summary Judgment
because the penalty under Sec. 1132(c) is reserved for plan administrators. The Court
also entered a final judgment on Vincent's claim for medical benefits against Vincent's
employer, Wells Fargo Guard Services Inc.


Plaintiffs have not identified the administrator designated by the plan.  Based on
the terms of the Service Agreement, it is not clear to the Court what services Defendant
Conexis performed.   At this stage, the Court cannot determine whether Defendant
Conexis was the "de facto administrator."


After consideration, the Court **denies** the Motion to Dismiss as to this issue.

Case No. 8:11-CV-1635-T-17TBM

D.  Fiduciary

29 U.S.C. 1025(a) involves pension benefit statements.   Plaintiff has argued that Plaintiff Joyce Taylor's employer, Constructor Corps, delegated its duty to provide COBRA continuation notices to Defendant Conexis, who allegedly did not fulfill this duty.

After consideration, the Court **denies** the Motion to Dismiss, but **directs** Plaintiffs **to provide a more definite statement**, by filing an amended complaint which clearly specifies the duties that Defendant performed, and which specifies every statutory duty that Plaintiffs contend Defendant Conexis was required to perform under ERISA. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **granted in part and denied in part**, with leave to file an amended complaint within fourteen days which includes only Plaintiffs' ERISA claims and which clearly specifies the duties that Defendant performed, and which specifies every statutory duty that Plaintiffs contend Defendant was required to perform under ERISA.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17th day of May, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

7